**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ELEVATION FINANCIAL GROUP, LLC,

Plaintiff,

v. Case No: 6:22-cv-02306-WWB-DAB

ARCH SPECIALTY INSURANCE COMPANY AND LANDMARK AMERICAN INSURANCE COMPANY,

Defendant.
________________________________/

**ARCH SPECIALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO ELEVATION FINANCIAL GROUP, LLC'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Arch Specialty Insurance Company ("Arch"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Elevation Financial Group, LLC's ("Elevation") Complaint and Demand for Jury Trial ("Elevation's Complaint") as follows:

## ANSWER

### I. Introduction[1]

1. There are no factual allegations in this paragraph requiring admission or denial. To the extent a response is required, Arch admits that Elevation brought causes of action for declaratory relief, breach of contract, and bad faith against Arch and causes

[1] For ease of reference, Arch incorporates the same headings used in Elevation's Complaint. However, Arch does not admit any allegations or inferences associated with such headings. To the extent an admission or denial of the headings is required, Arch hereby denies any allegations or inferences in the headings used by Elevation.

of action for declaratory relief against Landmark American Insurance Company ("Landmark"). By way of further response, Arch denies that Elevation is entitled to the relief it seeks in Elevation's Complaint and denies that its declaratory judgment actions, breach of contract action, and bad faith claims are otherwise proper.

2. Arch admits that this lawsuit arises out of a dispute that developed with regard to Arch excess policy number ESP7301076-08 issued to Elevation with effective dates of coverage from April 1, 2022 to April 1, 2023 (the "Arch Policy"). Arch denies that this lawsuit arises out of a dispute with a Landmark policy. Arch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of Elevation's Complaint and therefore denies the remaining allegations contained in Paragraph 2 of Elevation's Complaint.

3. Arch denies the allegations in Paragraph 3 of Elevation's Complaint.

4. Arch denies the allegations in Paragraph 4 of Elevation's Complaint.

5. Arch denies the allegations in Paragraph 5 of Elevation's Complaint.

## II. Jurisdiction, Parties, and Venue

6. There are no factual allegations in this paragraph requiring admission or denial. To the extent a response is required, Arch admits that Elevation brought causes of action for declaratory relief, breach of contract, and bad faith against Arch and causes of action for declaratory relief against Landmark. By way of further response, Arch admits that the amount in controversy exceeds $30,000, exclusive of interest and costs. Arch expressly denies, however, that Elevation is entitled to any monetary relief referenced in Paragraph 6 of Elevation's Complaint and denies that its declaratory judgment actions, breach of contract action, and bad faith claims are otherwise proper.

7. Arch admits the allegations in Paragraph 7 of Elevation's Complaint.

8. Arch admits that it is an authorized surplus lines insurer in the state of Florida organized under the laws of Missouri with its principal place of business in New Jersey. Arch denies the remaining allegations in Paragraph 8 of Elevation's Complaint.

9. Arch admits that Landmark is an insurance company organized and existing under the laws of the state of New Hampshire with its principal place of business in Atlanta, Georgia. Arch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of Elevation's Complaint and therefore denies the remaining allegations contained in Paragraph 9 of Elevation's Complaint.

10. Arch admits that venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the lawsuit was filed is located in this District. By way of further response, Paragraph 10 of Elevation's Complaint references written documents; the contents of which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied. Arch denies the remaining allegations in Paragraph 10 of Elevation's Complaint.

11. The jurisdictional allegations in Paragraph 11 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that jurisdiction is proper in this Court. Arch denies the remaining allegations in Paragraph 11 of Elevation's Complaint.

12. Paragraph 12 of Elevation's Complaint references written documents; the contents of which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied.

13. The allegations in Paragraph 13 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that the Court can declare rights, status, and other equitable or legal relations between Arch and Elevation. By way of further response, Arch denies that Landmark is a properly joined party.

14. The allegations in Paragraph 14 of Elevation's Counterclaims contain legal conclusions and require no response from Arch. To the extent a response is required, Arch denies that Elevation satisfied all conditions precedent under the Arch Policy.

**III. Present Justiciable Controversy as to Arch**

15. The allegations in Paragraph 15 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that an actual and justiciable controversy exists between Arch and Elevation and may be determined by a judgment of this Court.

16. Arch admits the allegations in Paragraph 16 of Elevation's Complaint.

**IV. Present Justiciable Controversy as to Landmark**

17. Arch denies the allegations in Paragraph 17 of Elevation's Complaint.

18. Arch denies the allegations in Paragraph 18 of Elevation's Complaint.

## V. Facts Common to all Counts

**A. Elevation Purchased Insurance Policies to Cover the Risks Associated with Owning Properties Across the United States.**

19. Arch is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Elevation's Complaint and therefore denies the allegations contained in Paragraph 19 of Elevation's Complaint.

20. Arch admits that the Arch Policy provides coverage to the apartment complex located at 3205-3305 Dilido Road, Dallas, TX 75228 ("Serenity at Dallas"). Arch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Elevation's Complaint and therefore denies the remaining allegations contained in Paragraph 20 of Elevation's Complaint.

21. Arch admits that Elevation purchased multiple insurance policies for the policy period from April 1, 2022 to April 1, 2023. Arch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Elevation's Complaint and therefore denies the remaining allegations contained in Paragraph 21 of Elevation's Complaint.

22. Arch admits that a fire occurred on April 7, 2022 at Serenity at Dallas. Arch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Elevation's Complaint and therefore denies the remaining allegations contained in Paragraph 22 of Elevation's Complaint

**B. The Illinois Union Primary Policy, to Which the Arch Policy Follows Form, Covers Not Only Property Damage but Also Several Other Types of Losses.**

23. Arch admits that Illinois Union Insurance Company ("Illinois Union") provided the primary layer of coverage at Serenity at Dallas under the primary policy

number D37416861 009 (the "Illinois Union Policy") (referred to together with the Arch Policy as the "Policies"), subject to the terms, limitations, exclusions, and conditions therein. To the extent Paragraph 23 of Elevation's Complaint describes or characterizes the Illinois Union Policy, the Illinois Union Policy is in writing and speaks for itself, and to the extent the allegations in Paragraph 23 are contrary to the Illinois Union Policy, they are denied. Arch admits the Illinois Union Policy is attached as Exhibit A to Elevation's Complaint.

24. Arch states that Paragraph 24 of Elevation's Complaint references provisions of the Illinois Union Policy, which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied.

25. Paragraph 25 of Elevation's Complaint references provisions of the Illinois Union Policy, which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied.

26. Paragraph 26 of Elevation's Complaint references provisions of the Illinois Union Policy, which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied.

27. Paragraph 27 of Elevation's Complaint references provisions of the Illinois Union Policy, which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied.

28. Paragraph 28 of Elevation's Complaint references provisions of the Illinois Union Policy, which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied.

29. Arch denies the allegations in Paragraph 29 of Elevation's Complaint.

**C. With Few Exceptions, the Arch First Layer Excess Policy Generally Follows Form to the Illinois Union Policy.**

30. Arch admits that it issued excess policy number ESP7301076-08 to Elevation, subject to the terms, limitations, exclusions, and conditions therein. Arch admits that the Arch Policy is attached as Exhibit B to Elevation's Complaint. To the extent Paragraph 30 of Elevation's Complaint describes or characterizes the Arch Policy, the Arch Policy is in writing and speaks for itself, and to the extent the allegations in Paragraph 30 are contrary to the Arch Policy, they are denied.

31. Paragraph 31 of Elevation's Complaint references the Arch Policy, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

32. Arch denies the allegations in Paragraph 32 of Elevation's Complaint.

33. Paragraph 33 of Elevation's Complaint references the Arch Policy, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

34. Arch denies the allegations in Paragraph 34 of Elevation's Complaint.

**D. Elevation Has Additional Coverage Beyond Arch's First-Layer Excess Insurance Policy.**

35. Paragraph 35 of Elevation's Complaint references terms of a written document, the contents of which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied. By way of further response, Arch admits that the Landmark Policy is attached as Exhibit C to Elevation's Complaint.

36. Paragraph 36 of Elevation's Complaint references the Landmark Policy, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

37. Paragraph 37 of Elevation's Complaint references the Landmark Policy, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

38. Arch denies the allegations in Paragraph 38 of Elevation's Complaint.

39. Arch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of Elevation's Complaint and therefore denies the allegations contained in Paragraph 39 of Elevation's Complaint.

**E. Elevation Incurs Massive Losses Relating to a Catastrophic Fire at its Serenity at Dallas Location, and Illinois Union Pays its $5 Million Limit.**

40. Arch admits the allegations in Paragraph 40 of Elevation's Complaint.

41. Arch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of Elevation's Complaint and therefore denies the allegations contained in Paragraph 41 of Elevation's Complaint.

42. Arch admits that Elevation promptly provided Arch with notice of the loss. Arch is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph allegations in Paragraph 42 of Elevation's Complaint.

43. Arch admits the allegations in Paragraph 43 of Elevation's Complaint.

**F. Arch Improperly Refuses to Comply with Its Contractual Obligations.**

**i. Arch Improperly Treats Serenity at Dallas as Two Properties Instead of One Property for Purposes of Applying the Arch OLLE.**

44. Arch admits that Engle Martin sent correspondence to Elevation on August 17, 2022. Arch admits that the August 17, 2022 letter from Engle Martin to Elevation is attached as Exhibit D to Elevation's Complaint. By way of further response, Paragraph 44 of Elevation's Complaint references terms of a written document, the contents of which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied.

45. Paragraph 45 of Elevation's Complaint references terms of a written document, the contents of which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied. Arch admits that the Statement of Values is attached as Exhibit E to Elevation's Complaint.

46. Paragraph 46 of Elevation's Complaint references terms of a written document, the contents of which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied.

47. Arch denies the allegations in Paragraph 47 of Elevation's Complaint.

48. Arch denies the allegations in Paragraph 48 of Elevation's Complaint.

49. Arch denies that the Main Building and the Expansion Building at Serenity at Dallas should be treated as one item under the Arch Policy. By way of further response, Arch denies that Elevation, at this time, is entitled to a payment of at least $4,629,250 from Arch.

**ii. Even if Arch Were Correct That the Main Building and Expansion Building Are Two Separate Properties – Which Arch Is Not - Arch Improperly Allocates the Damage from the Fire at Serenity at Dallas Between the Properties.**

50. Arch denies the allegations in Paragraph 50 of Elevation's Complaint.

51. Arch denies the allegations in Paragraph 51 of Elevation's Complaint.

**iii. Arch Improperly Fails to Acknowledge Coverage Under Various Coverage Extensions.**

52. Arch denies the allegations in Paragraph 52 of Elevation's Complaint.

**iv. At a Minimum, Arch Improperly Fails to Acknowledge Its Obligation for the $1 Million in Coverage Available Under the Errors and Omissions Endorsement.**

53. Arch denies the allegations in Paragraph 53 of Elevation's Complaint.

54. Arch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of Elevation's Complaint and therefore denies the allegations contained in Paragraph 54 of Elevation's Complaint. To the extent Paragraph 54 of Elevation's Complaint describes or characterizes the Policies, the Policies are in writing and speak for themselves, and to the extent the allegations in Paragraph 54 are contrary to the Policies, they are denied.

55. Arch denies the allegations in Paragraph 55 of Elevation's Complaint.

56. Paragraph 56 of Elevation's Complaint references terms of a written document, the contents of which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied.

57. Paragraph 57 of Elevation's Complaint references terms of a written document, the contents of which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied. By way of further response, the allegations in Paragraph 57 of Elevation's Complaint contain legal conclusions and

require no response from Arch. To the extent Paragraph 57 of Elevation's Complaint describes or characterizes the Policies, the Policies are in writing and speak for themselves, and to the extent the allegations in Paragraph 57 are contrary to the Policies, they are denied. To the extent further response is required, Arch denies the remaining allegations in Paragraph 57 of Elevation's Complaint as drafted.

58. The allegations in Paragraph 58 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent Paragraph 58 of Elevation's Complaint describes or characterizes the Policies, the Policies are in writing and speak for themselves, and to the extent the allegations in Paragraph 58 are contrary to the Policies, they are denied. To the extent further response is required, Arch denies the remaining allegations in Paragraph 58 of Elevation's Complaint as drafted.

59. Paragraph 59 of Elevation's Complaint references terms of a written document, the contents of which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied. By way of further response, the allegations in Paragraph 59 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent Paragraph 59 of Elevation's Complaint describes or characterizes the Policies, the Policies are in writing and speak for themselves, and to the extent the allegations in Paragraph 59 are contrary to the Policies, they are denied. To the extent further response is required, Arch denies the remaining allegations in Paragraph 59 of Elevation's Complaint as drafted.

**G. Attorneys' Fees**

60. Arch denies the allegations in Paragraph 60 of Elevation's Complaint. By way of further response, Arch denies that it is liable for any violation of the law stated in

Paragraph 60 of Elevation's Complaint and also specifically denies that Texas law applies to this dispute.

**COUNT I**
**Declaratory Judgment Against Arch**
**The OLLE Applies to Serenity at Dallas as One Property, and Not Two Properties**

61. Arch incorporates by reference its answers to the foregoing Paragraphs 1 through 60 as if set forth fully herein.

62. Paragraph 62 of Elevation's Complaint references the Arch Policy, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

63. Arch denies the allegations in Paragraph 63 of Elevation's Complaint.

64. Arch denies the allegations in Paragraph 64 of Elevation's Complaint.

65. Arch admits that Elevation is requesting a declaration with regard to rights and obligations under the Policies. Arch denies the remaining allegations in Paragraph 65 of Elevation's Complaint and specifically denies that Elevation is entitled to any of the relief it seeks.

66. Arch admits that the Main Building and the Expansion Building are two separate items under the Arch Policy that should be calculated separately.

67. The allegations in Paragraph 67 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 67 of Elevation's Complaint.

68. The allegations in Paragraph 68 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 68 of Elevation's Complaint.

69. The allegations in Paragraph 69 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 69 of Elevation's Complaint.

70. The allegations in Paragraph 70 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that Arch and Elevation are entitled to have their respective rights and obligations declared and established by this Court.

**COUNT II**

**Declaratory Judgment Against Arch**

**In the Alternative, even if the OLLE Applies Separately to the Main Building and Expansion Building, Arch Misallocates the Losses Between the Properties**

71. Arch incorporates by reference its answers to the foregoing Paragraphs 1 through 60 as if set forth fully herein.

72. Arch denies the allegations in Paragraph 72 of Elevation's Complaint.

73. Paragraph 73 of Elevation's Complaint references terms of a written document, the contents of which speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied. As further answer, Arch denies the remaining allegations in Paragraph 73 of Elevation's Complaint.

74. Arch admits that Elevation is requesting a declaration with regard to rights and obligations under the Arch Policy. Arch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 of Elevation's Complaint and therefore denies the remaining allegations contained in Paragraph 74 of Elevation's Complaint.

75. Arch admits the allegations in Paragraph 75 of Elevation's Complaint.

76. The allegations in Paragraph 76 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 76 of Elevation's Complaint.

77. The allegations in Paragraph 77 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 77 of Elevation's Complaint.

78. The allegations in Paragraph 78 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 78 of Elevation's Complaint.

79. The allegations in Paragraph 79 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that Arch and Elevation are entitled to have their respective rights and obligations declared and established by this Court.

**COUNT III**

**Declaratory Judgment Against Arch**

**In Addition to the Amounts Calculated Under the OLLE, the Arch Policy's Coverage Extensions Apply to Elevation's Losses.**

80. Arch incorporates by reference its answers to the foregoing Paragraphs 1 through 60 as if set forth fully herein.

81. The allegations in Paragraph 81 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that the Main Building and the Expansion Building are two separate items on the Statement of Values. By way of further response, Arch admits that the adjustment of Elevation's loss is ongoing and that Elevation's recovery may not be limited to $436,818.30. To the extent Paragraph 81 of Elevation's Complaint describes or

characterizes the Policies, the Policies are in writing and speak for themselves, and to the extent the allegations in Paragraph 81 are contrary to the Policies, they are denied.

82. Arch admits that Elevation is requesting a declaration with regard to rights and obligations under the Policies. The allegations in Paragraph 82 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch denies the remaining allegations in Paragraph 82 of Elevation's Complaint and specifically denies that Elevation is entitled to any of the relief it seeks.

83. Arch denies the allegations in Paragraph 83 of Elevation's Complaint.

84. The allegations in Paragraph 84 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 84 of Elevation's Complaint.

85. The allegations in Paragraph 85 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 85 of Elevation's Complaint.

86. The allegations in Paragraph 86 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 86 of Elevation's Complaint.

87. The allegations in Paragraph 87 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that Arch and Elevation are entitled to have their respective rights and obligations declared and established by this Court.

**COUNT IV**

**Declaratory Judgment Against Arch**

**At a Minimum, the Errors and Omissions Endorsement's $1 Million Sub-limit Applies to Elevation's Losses**

88. Arch incorporates by reference its answers to the foregoing Paragraphs 1 through 60 as if set forth fully herein.

89. Arch denies the allegations in Paragraph 89 of Elevation's Complaint.

90. Arch denies the allegations in Paragraph 90 of Elevation's Complaint.

91. Arch admits that Elevation is requesting a declaration with regard to rights and obligations under the Policies. The allegations in Paragraph 91 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch denies the remaining allegations in Paragraph 91 of Elevation's Complaint and specifically denies that Elevation is entitled to any of the relief it seeks.

92. Arch admits that Elevation is requesting a declaration with regard to rights and obligations under the Policies. The allegations in Paragraph 92 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch denies the remaining allegations in Paragraph 92 of Elevation's Complaint and specifically denies that Elevation is entitled to any of the relief it seeks.

93. Arch admits that the Errors and Omissions Endorsement does not apply in this claim. Arch denies the remaining allegations in Paragraph 93 of Elevation's Complaint.

94. The allegations in Paragraph 94 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 94 of Elevation's Complaint.

95. The allegations in Paragraph 95 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 95 of Elevation's Complaint.

96. The allegations in Paragraph 96 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits the allegations in Paragraph 96 of Elevation's Complaint.

97. The allegations in Paragraph 97 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that Arch and Elevation are entitled to have their respective rights and obligations declared and established by this Court.

**COUNT V**
**Breach of Contract**

98. Arch incorporates by reference its answers to the foregoing Paragraphs 1 through 60 as if set forth fully herein.

99. The allegations in Paragraph 99 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that the Arch Policy is a valid and enforceable contract subject to all terms, conditions, limitations, and exclusions therein. Arch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of Elevation's Complaint and therefore denies the remaining allegations contained in Paragraph 99 of Elevation's Complaint.

100. Arch admits that Elevation is an insured under the Arch Policy. Arch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 of Elevation's Complaint and therefore denies the remaining allegations contained in Paragraph 100 of Elevation's Complaint.

101. The allegations in Paragraph 101 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that Elevation paid its premiums and provided timely notice of its claim to Arch. Arch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 of Elevation's Complaint and therefore denies the remaining allegations contained in Paragraph 101 of Elevation's Complaint.

102. The allegations in Paragraph 102 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch denies that Elevation satisfied all conditions precedent under the Arch Policy.

103. Arch admits the allegations in Paragraph 103 of Elevation's Complaint.

104. The allegations in Paragraph 104 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that at this time it has not identified any exclusions that apply to completely bar coverage. Arch reserves the right to amend its position as the adjustment continues.

105. The allegations in Paragraph 105 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch admits that the Arch Policy provides coverage for costs associated with the fire, subject to the terms, limitations, exclusions, and conditions therein.

106. The allegations in Paragraph 106 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch denies that it is liable for any violation of the law stated in Paragraph 106 of Elevation's Complaint and also specifically denies that Texas law applies to this dispute.

107. Arch denies the allegations in Paragraph 107 of Elevation's Complaint.

108. Arch denies the allegations in Paragraph 108 of Elevation's Complaint.

**COUNT VI**

**Violation of Texas "Prompt Pay" Statute by Arch**

(Chapter 542 of the Texas Insurance Code)

109. Arch incorporates by reference its answers to the foregoing Paragraphs 1 through 60 as if set forth fully herein.

110. Arch admits the allegations in Paragraph 110 of Elevation's Complaint but denies that Texas law applies to this dispute.

111. Arch denies the allegations in Paragraph 111 of Elevation's Complaint and also specifically denies that Texas law applies to this dispute.

112. Arch denies the allegations in Paragraph 112 of Elevation's Complaint and also specifically denies that Texas law applies to this dispute.

**COUNT VII**

**Notice of Intent to Pursue Bad Faith Claim Against Arch Under Chapter 541 of the Texas Insurance Code**

113. Arch incorporates by reference its answers to the foregoing Paragraphs 1 through 60 as if set forth fully herein.

114. There are no factual allegations in this paragraph requiring admission or denial. To the extent a response is required, Arch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of Elevation's

Complaint and therefore denies the allegations contained in Paragraph 114 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

115. Arch admits that Elevation has made a claim under the Arch Policy for its losses. Arch denies the remaining allegations in Paragraph 115 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

116. Arch denies the allegations in Paragraph 116 of Elevation's Complaint, including (without limitation) the allegations described in each subparagraph to Paragraph 116 of Elevation's Complaint, identified as "a" through "d" thereto. By way of further response, Arch specifically denies that Texas law applies to this dispute.

117. Arch denies the allegations in Paragraph 117 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

118. Arch denies the allegations in Paragraph 118 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

119. Arch denies the allegations in Paragraph 119 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

120. Arch denies the allegations in Paragraph 120 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

121. Arch denies the allegations in Paragraph 121 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

122. Arch denies the allegations in Paragraph 122 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

123. Arch denies the allegations in Paragraph 123 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

**COUNT VIII**
**Bad Faith Claim Against Arch Under Texas Common Law**

124. Arch incorporates by reference its answers to the foregoing Paragraphs 1 through 60 as if set forth fully herein.

125. Arch admits that Elevation has made a claim under the Arch Policy for its losses. Arch denies the remaining allegations in Paragraph 125 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

126. Arch denies the allegations in Paragraph 126 of Elevation's Complaint, including (without limitation) the allegations described in each subparagraph to Paragraph 126 of Elevation's Complaint, identified as "a" through "d" thereto. By way of further response, Arch specifically denies that Texas law applies to this dispute.

127. Arch denies the allegations in Paragraph 127 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

128. Arch denies the allegations in Paragraph 128 of Elevation's Complaint. By way of further response, Arch specifically denies that Texas law applies to this dispute.

**COUNT IX**
**Declaratory Judgment Against Landmark**
**Elevation's Losses Exceed the $10 Million Attachment**
**Point of the Landmark Policy**

129. Arch incorporates by reference its answers to the foregoing Paragraphs 1 through 60 as if set forth fully herein.

130. Arch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of Elevation's Complaint and therefore denies the allegations contained in Paragraph 130 of Elevation's Complaint.

131. Arch denies the allegations in Paragraph 131 of Elevation's Complaint.

132. Arch admits that Elevation is requesting a declaration with regard to rights and obligations under the Landmark Policy. The allegations in Paragraph 132 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch denies the remaining allegations in Paragraph 132 of Elevation's Complaint and specifically denies that Elevation is entitled to any of the relief it seeks.

133. Arch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of Elevation's Complaint and therefore denies the allegations contained in Paragraph 133 of Elevation's Complaint.

134. Arch denies the allegations in Paragraph 134 of Elevation's Complaint.

135. Arch denies the allegations in Paragraph 135 of Elevation's Complaint.

136. Arch denies the allegations in Paragraph 136 of Elevation's Complaint.

137. Arch denies that Elevation and Landmark are entitled to have their respective rights and obligations declared and established.

**COUNT VIII**
**Declaratory Judgment Against Landmark**
**The Landmark OLLE Does Not Preclude or Reduce Coverage**

138. Arch incorporates by reference its answers to the foregoing Paragraphs 1 through 60 as if set forth fully herein.

139. Arch denies the allegations in Paragraph 139 of Elevation's Complaint.

140. The allegations in Paragraph 140 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch denies the allegations in Paragraph 140 of Elevation's Complaint.

141. Arch admits that Elevation is requesting a declaration with regard to rights and obligations under the Landmark Policy. The allegations in Paragraph 141 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch denies the remaining allegations in Paragraph 141 of Elevation's Complaint and specifically denies that Elevation is entitled to any of the relief it seeks.

142. Arch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of Elevation's Complaint and therefore denies the allegations contained in Paragraph 142 of Elevation's Complaint.

143. Arch denies the allegations in Paragraph 143 of Elevation's Complaint.

144. Arch denies the allegations in Paragraph 144 of Elevation's Complaint.

145. Arch denies the allegations in Paragraph 145 of Elevation's Complaint.

146. Arch denies that Elevation and Landmark are entitled to have their respective rights and obligations declared and established.

**COUNT IX**

**Declaratory Judgment Against Landmark**
**Arch's Failure to Pay the Full Limits of Its Policy**
**Does Not Prevent the Landmark Policy from Attaching**

147. Arch incorporates by reference its answers to the foregoing Paragraphs 1 through 60 as if set forth fully herein.

148. Arch denies the allegations in Paragraph 148 of Elevation's Complaint.

149. Arch denies the allegations in Paragraph 149 of Elevation's Complaint.

150. Arch admits that Elevation is requesting a declaration with regard to rights and obligations under the Landmark Policy. The allegations in Paragraph 150 of Elevation's Complaint contain legal conclusions and require no response from Arch. To the extent a response is required, Arch denies the remaining allegations in Paragraph 150 of Elevation's Complaint.

151. Arch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of Elevation's Complaint and therefore denies the allegations contained in Paragraph 151 of Elevation's Complaint.

152. Arch denies the allegations in Paragraph 152 of Elevation's Complaint.

153. Arch denies the allegations in Paragraph 153 of Elevation's Complaint.

154. Arch denies the allegations in Paragraph 154 of Elevation's Complaint.

155. Arch denies that Elevation and Landmark are entitled to have their respective rights and obligations declared and established.

**Prayer for Relief Against Defendants**

156. Answering the un-numbered WHEREFORE paragraph in Elevation's Complaint, Arch denies that Plaintiff is entitled to any judgment against Arch and/or Landmark in this matter and/or the recovery of any actual damages, compensatory damage, consequential damages, statutory damages, non-economic damages, prejudgment interest, post-judgment interest, reasonable attorney fees, court costs, or other costs or relief described in the un-numbered WHEREFORE paragraph of Elevation's Complaint.

**Reservation of Right to Plead Claim for Punitive Damages Against Arch**

157. There are no factual allegations in this un-numbered paragraph requiring admission or denial. To the extent a response is required, Arch denies that Plaintiff is entitled to any judgment against Arch in this matter and/or the recovery of punitive damages.

**JURY DEMAND**

158. Arch admits that Elevation demands a jury trial.

**RELIEF REQUESTED ON ANSWER**

**WHEREFORE**, Defendant Arch Specialty Insurance Company respectfully requests:

a. The Court deny the relief requested by Elevation in its entirety;

b. This Court order that Elevation take nothing by its claims;

c. This Court enter judgment in favor of Arch Specialty Insurance Company;

d. As well as for such further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

1. Elevation's claims are subject to all of the terms, conditions, limitations, endorsements, exclusions, and deductibles contained in the Arch Policy. The Arch Policy speaks for itself and is the best evidence of any coverage it provides.

**Second Affirmative Defense**

2. The amount recoverable for Elevation's claims is limited by the applicable limits and any sub-limits contained in the Arch Policy.

**Third Affirmative Defense**

3. Elevation's claims are limited by the following provision in the Arch Policy:

**A. INSURING AGREEMENT**

We agree to indemnify you for an "insured loss" in excess of, and after, the "underlying insurance" have paid or admitted liability for the full amount of their policy limits of liability. Except for the Limit/Participation provision, and the terms, conditions, definitions, exclusions and limitations contained in this policy, the coverage provided by this policy shall follow the terms, conditions, definitions, exclusions and limitations of the "controlling underlying insurance".

* * *

**B. LIMIT/PARTICIPATION PROVISION**

The Limit/Participation is shown on the Declarations, Schedule(s), forms or endorsements attached to this policy. Our Limit/Participation for an "insured loss" arising from any one "occurrence" is in excess of the sum of deductibles, self insured retentions and the limits of liability of the "underlying insurance". If this policy covers more than one location, the Limit/Participation provision shall apply to the total "insured loss" to all locations insured under this policy in any one "occurrence".

Our Limit/Participation for an "insured loss" is further limited by any:

**1.** Deduction required by any coinsurance provisions in the "controlling underlying insurance"; and

**2.** Waiting period(s) or time limits contained in the "controlling underlying insurance".

This policy may also contain sub-limits, as specified on the Schedule or on the various forms and endorsements attached to this policy or the "controlling underlying insurance". These sub-limits are part of and not in addition to the Limit/Participation provision of this policy. We shall not be liable under any sub-limited coverage, extension, endorsement or coverage part for more than the sub-limit specified for such sub-limited coverage, extension, endorsement or coverage part or our percentage proportionate share as described in the Schedule.

**Fourth Affirmative Defense**

4. Elevation's claims are limited by the following endorsement in the Arch Policy:

**OCCURRENCE LIMIT OF LIABILITY ENDORSEMENT**

* * *

**2.** The premium for this policy is based upon the Statement of Values on file with us, or attached to this policy. In the event of loss hereunder, our liability, subject to the terms of paragraph **3.** below, shall be limited to the least of the following:

  **a.** The actual adjusted amount of loss, less applicable deductible(s).

  **b.** 100% of the individually stated value for each scheduled item of interest insured, as shown on the latest Statement of Values on file with us, or attached to this policy, after applying the deductible(s).

  **c.** The Limit of Liability or Amount of Insurance shown on the Declarations Page or endorsed onto this policy.

**3.** The Limit of Liability or Amount of Insurance shown on the Declarations Page of this policy, or endorsed onto this policy, is the total limit of our liability applicable to each "occurrence". Notwithstanding any other terms and conditions of this policy, in no event shall our liability exceed this limit or amount, irrespective of the number of locations involved.

**Fifth Affirmative Defense**

5. Elevation's claims for alleged bad faith and statutory violations are barred to the extent Elevation did not sustain damages (if any) independent of the denial of benefits under the Policy.

**Sixth Affirmative Defense**

6. A bona fide controversy exists concerning the extent of Elevation's entitlement to benefits under the Policy. Arch and its employees, agents, representatives, and adjusters are entitled to value claims differently from Arch's policyholders without facing bad faith or extra-contractual liability. Arch would show that a bona fide controversy exists regarding the scope of any alleged covered loss to covered property.

**Seventh Affirmative Defense**

7. Elevation's claims are barred to the extent that they state claims under Texas law, because Texas law does not apply to the Arch Policy or to Elevation's alleged losses.

**Eighth Affirmative Defense**

8. Elevation's claims are barred to the extent they are barred by Florida law, because Florida law applies to the Arch Policy and to Elevation's alleged losses.

**Ninth Affirmative Defense**

9. Arch reserves the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

Dated: December 21, 2022

Respectfully submitted,

**ZELLE LLP**

By: */s/ Kristin C. Cummings*

**Kristin C. Cummings, Esq.** (*pro hac vice*)
kcummings@zellelaw.com
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Tel: 214-742-3000
Fax: 214-760-8994

***LEAD ATTORNEY***
***ATTORNEY TO BE NOTICED***

*~and~*

**Christine M. Renella, Esq.**
Florida Bar No. 65485
crenella@zellelaw.com
SunTrust International Center
One Southeast Third Avenue, Ste. 1600
Miami, Florida 33131-4332
Tel: 786-693-2350
Fax: 612-336-9100

***Attorneys for Defendant Arch Specialty Insurance Company***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of December 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Kristin C. Cummings*
**Kristin C. Cummings**

**SERVICE LIST**

Barry I. Buchman
**HAYNES AND BOONE, LLP**
800 17th Street NW
Suite 500
Washington, D.C. 20006
Telephone: (202) 654-4500
Facsimile: (202) 654-4501
Barry.Buchman@haynesboone.com

***Attorney for Plaintiff Elevation Financial Group, LLC***

Thomas A. Zehnder
Florida Bar No. 0063274
Dustin Mauser-Claassen
Florida Bar No. 119289
**KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.**
P.O. Box 1631
Orlando, Florida 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
tzehnder@kbzwlaw.com
dmauser@kbzwlaw.com

***Attorneys for Plaintiff Elevation Financial Group, LLC***